UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| METROPOLITAN LIFE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>WILLIE KEY III, TRINA KEY, SHAWN EVANS, FAYE CAREY, RANDI KEY, and EXPRESS FUNERAL FUNDING LLC,<br><br>Defendants. | Case No. 23-10735<br>Honorable Laurie J. Michelson |

**OPINION AND ORDER SETTING ASIDE CLERK'S ENTRIES OF DEFAULT [16, 17, 18] AND DEFAULT JUDGMENT [20] AGAINST FAYE CAREY, SHAWN EVANS, AND WILLIE KEY III**

Metropolitan Life Insurance Company commenced this interpleader action against Willie Key III, Trina Key, Shawn Evans, Faye Carey, Randi Key, and Express Funeral Funding, LLC. Defendants all claim they are entitled to the proceeds from the life insurance policy issued to Willie Key.

Metropolitan served all Defendants, and Faye Carey and Willie Key III signed waivers of service. (ECF No. 4, 5.) Shawn Evans was served but did not sign a waiver of service. (ECF No. 7.) But all three failed to timely answer the complaint. So clerk's entries of default were entered as to each of them, and ultimately, the Court issued a default judgment. (ECF Nos. 16, 17, 18, 20.) Now before the Court is Carey, Evans, and Key III's request to reopen the case (ECF No. 22), which the Court stated it would

treat as a motion to set aside the entries of default and default judgment (Text Order, July 26, 2023).

Federal Rule of Civil Procedure 55(c) states that the Court "may set aside an entry of default for good cause, and it may set aside the final default judgment under Rule 60(b)." Because the Court entered a final default judgment against Carey, Evans, and Key III, which stated that they "are not entitled to any share of the judgment proceeds in the underlying interpleader action," the Court must employ the standard found in Rule 60(b) in considering the motion to set aside the default judgment. *Cf. Dassault Systemes, SA v. Childress*, 663 F.3d 832, 840 (6th Cir. 2011) ("An order granting default judgment without any judgment entry on the issue of damages is no more than an interlocutory order to which Rule 60(b) does not yet apply.").

The Court finds that Rule 60(b)(1) and the factors set forth in *United Coin Meter Company v. Seaboard Coastline Railroad* weigh in favor of setting aside both the default and the default judgment. *See* 705 F.2d 839, 845 (6th Cir. 1983); *Burrell v. Henderson*, 434 F.3d 826, 832 (6th Cir. 2006) ("[W]hen an entry of default has ripened into a default judgment, we must consider the equitable factors first enunciated in *United Coin Meter* and determine whether the [defaulted party] has met the stricter requirements of Rule 60(b).").

First, the Court finds that Carey, Evans, and Key III's neglect was excusable. *See Citizens Bank v. Parnes*, 376 F. App'x 496, 503 (6th Cir. 2010) ("The culpable conduct prong should be examined first, and when relief is sought under Fed. R. Civ.

P. 60(b)(1), as it was here, the proponent must demonstrate that its default was the product of mistake, inadvertence, surprise, or excusable neglect."). "In cases that have not been heard on the merits, the determination of whether neglect is excusable takes into account the length and reasons for the delay, the impact on the case and judicial proceedings, and whether the movant requesting relief has acted in good faith." *Burrell*, 434 F.3d at 832. Carey, Evans, and Key III are proceeding pro se and explained that they were unsure whether they had to take any further action upon receipt of the complaint and summons. (ECF No. 22, PageID.207.) Upon learning that they had failed to answer and that judgment had been entered against them, they promptly moved the Court to reopen the case. (ECF No. 22.) Thus, it appears that due to their confusion regarding the legal significance of answering the complaint, they failed to do so. The Court finds that Carey, Evans, and Key III acted in good faith and without unnecessary delay. Thus, their neglect was excusable and the first factor and Rule 60(b)(1) have been satisfied. *See Burrell*, 434 F.3d at 832 ("Court apply Rule 60(b)(1) 'equitably and liberally . . . to achieve substantial justice.'").

And the other two factors—meritorious defense and lack of prejudice—are satisfied as well. "A defense is meritorious if there is *some possibility* that the outcome of the suit after a full trial will be contrary to the result achieved by the default." *Burrell*, 434 F.3d at 834. Carey, Evans, and Key III have explained that they believe their father's changes to the beneficiary form were invalid. Thus, there is "some possibility" that they would achieve a different result by litigating the case. As for prejudice, Metropolitan stated at the scheduling conference that it did not oppose the

3

request to set aside the default or default judgment. And while counsel for Trina and Randi Key expressed that he did not believe there to be good cause or excusable neglect, he did not articulate any prejudice. As the Sixth Circuit has stated, prejudice involves more than just a delay in the proceedings. "Rather, it must be shown that delay will result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion." *Krowtoh II LLC v. ExCelsius Int'l Ltd*, 330 F. App'x 530, 535 (6th Cir. 2009). That showing has not been made. Indeed, all parties were able to work collaboratively and reach a settlement in this case.

Thus, under Rule 60(b)(1) and the *United Coin Meter* factors, the Court finds there is good cause and excusable neglect to set aside the entries of default (ECF Nos. 16, 17, 18) and the default judgment (ECF No. 20) as to Faye Carey, Shawn Evans, and Willie Key III.

SO ORDERED.

Dated: August 24, 2023

                                            s/Laurie J. Michelson
                                            LAURIE J. MICHELSON
                                            UNITED STATES DISTRICT JUDGE